FRANCIS M$^c$CARTNEY vs. PEOPLES RAILWAY COMPANY, a corporation of the State of Delaware.

1.  TRIAL—WEIGHT OF EVIDENCE—QUESTION FOR JURY.

The jury are the sole judges of the facts of the case, and they must take the evidence adduced by the parties, and make up their verdict accordingly under the instructions of the court.

2.  NEGLIGENCE—ACTS CONSTITUTING "NEGLIGENCE."

"Negligence" is a failure to observe for the protection of another that degree of care and vigilance which the circumstances justly demand.

3.  NEGLIGENCE—BURDEN OF PROOF.

One, suing for injuries negligently inflicted, has the burden of proving negligence by a preponderance of the evidence, and where he fails so to do he cannot recover.

4.  STREET RAILROADS—COLLISIONS—CONTRIBUTORY NEGLIGENCE.

Where the negligence of a driver contributed to a collision with an electric car, there could be no recovery for the injuries sustained, though there was negligence on the part of the railway company.

5.  STREET RAILROADS—OBLIGATION OF TRAVELERS.

A person approaching a street railway crossing, with which he is familiar, must avail himself of his knowledge of the locality, and act accordingly, and he must make reasonable use of his senses, and exercise such caution as ordinarily prudent persons will exercise under like circumstances; and where, as he approaches the crossing, his line of vision is unobstructed, he must look for approaching cars to avoid a collision with them, and use greater care when the view is obstructed.

6. STREET RAILROADS—OBLIGATION OF TRAVELERS.

Where a person drives onto a street railway crossing without looking or listening, and a collision occurs, which would have been prevented had he exercised ordinary prudence, he is guilty of contributory negligence, precluding a recovery.

7. STREET RAILROADS—OPERATION—CARE REQUIRED.

A street railway, in the operation of its cars, must see that they are equipped with all the appliances reasonably proper for the safety of wayfarers, and keep them in good condition so far as the same may be done by the exercise of reasonable care.

8. STREET RAILROADS—OPERATION—CARE REQUIRED.

Where an electric railway company exercised reasonable care in the inspection of the sand box and brakes of a car, and the appliances were in reasonably good working condition when last inspected before an accident to a traveler, and a defect was not discovered sufficiently long to reasonably permit the repair thereof, or the discontinuance of the operation of the car, the existence of the defect was not actionable negligence.

9. STREET RAILROADS—OPERATION—CARE REQUIRED.

Where a motorman, who exercised due care, could not, on the discovery of a traveler in peril, stop the car, though he used all reasonable means to do so, the railway company was not guilty of actionable negligence.

10. EVIDENCE—AFFIRMATIVE EVIDENCE—NEGATIVE EVIDENCE—WEIGHT.

The affirmative testimony of witnesses that they heard the ringing of a car bell is of greater weight than the negative testimony of other witnesses that they did not hear it ring.

11. STREET RAILROADS—COLLISIONS—NEGLIGENCE—CONTRIBUTORY NEGLIGENCE.

Where the negligence of a street railway was the proximate or immediate cause of the injuries to a traveler, caused by a collision with a car, the company was liable, notwithstanding the negligence of the traveler, not then continuing, and not at the time entering into and contributing to the accident.

12. EVIDENCE—DEGREE OF PROOF.

In civil cases, the jury must decide in favor of the party on whose side the weight of the evidence preponderates, and according to the probability of truth.

13. TRIAL—WEIGHT OF EVIDENCE—QUESTION FOR JURY.

The jury, on finding that witnesses contradict each other, must decide between them, after viewing their testimony in connection with the facts, and after considering the comparative freedom of each from interest or bias.

14. DAMAGES—PERSONAL INJURIES—MEASURE OF DAMAGES.

The jury, in awarding damages to one sustaining a personal injury, must consider his pain and suffering and his loss of power to perform labor, in the past and in the future, resulting from such injuries, and his loss of time and necessary expenses in procuring labor, which, but for the injuries, he would himself have performed, and his expenses for medical expenses incurred by reason of such injuries; and, where the injuries are of a permanent character, they must consider that fact in determining the amount of damages.

*(January 27, 1911.)*

Charge.

Judges CONRAD and WOOLLEY, sitting.

*David J. Reinhardt* for plaintiff.

*Robert H. Richards* for defendant.

Superior Court, New Castle County, January Term, 1911.

ACTION ON THE CASE (No. 58, November Term, 1908), to recover damages for personal injuries to plaintiff, also for injuries to his milk wagon and contents from colliding with a trolley car of the Peoples Railway Company, at Ninth and Orange streets, in the City of Wilmington, on September 6, 1908.

The case is stated in the charge of the court.

CONRAD, J., charging the jury:

Gentlemen of the jury:—This action was brought by Francis McCartney, the plaintiff, against the Peoples Railway Company, the defendant, to recover damages for injuries occasioned by a collision between an electric car of the defendant and a wagon of the plaintiff, in which he was riding, at the intersection of Ninth and Orange streets in the city of Wilmington, on the sixth day of September, 1908.

The plaintiff claims that the injuries resulted from the negligence of the defendant company, and charges that the negligence arose from the excessive speed of the car, the failure to give reasonable and proper warning of the approach of the car, and that both the brake and the sand box on the car were defective.

To all of these charges the defendant company pleads not guilty, and as a defense claims that the speed of the car was moderate, that the motorman of the car exercised due care and diligence in giving notice of the approach of the car, and in attempting to avoid the collision, and that the accident was not due to any neglect or default on the part of the company or to any defect in its appliances, but was solely due to the negligence of the plaintiff in driving his wagon upon the railway track in front of the approaching car.

The defendant company also contends that even if there was some negligence upon its part, there was such negligence upon the part of the plaintiff as should defeat his claim for damages.

Of the facts in the case, you, gentlemen of the jury, are the

sole judges. You are to take the evidence as it has been adduced by the parties, and make up your verdict, and in order to aid you in reaching a correct conclusion the court here instructs you as to certain principles of law applicable to the case.

The one question for you to decide is whether the accident was the result of negligence, and, if so, was it the negligence of the defendant company, or of the plaintiff. The plaintiff bases his claim for damages upon the negligence of the defendant company. Negligence is defined to be a failure to observe, for the protection of the interests of another, that degree of care and vigilance which the circumstances justly demand. The burden of proving such negligence is upon the plaintiff, and is to be shown by the preponderance of evidence to your satisfaction. If he has failed so to satisfy you he cannot recover. If there was no negligence upon the part of the company the verdict should be for the defendant.

Even if there was negligence on the part of the defendant, yet if the negligence of the driver of the team contributed to the accident at the time thereof, the verdict should be for the defendant. Where there is contributory negligence, the law will not attempt to measure the proportion of blame or negligence to be attributed to each party.

The general rule is that persons crossing railway tracks are bound to the reasonable use of their senses for the prevention of accidents and also to the exercise of all such reasonable caution as ordinarily careful and prudent persons would exercise under like circumstances.

A person approaching a railway crossing with which he is familiar must avail himself of his knowledge of the locality and act accordingly. If, as he approaches the crossing, his line of vision is unobstructed, it is his duty to look for approaching cars in time to avoid collision with them, and if he does not look, and for this reason does not see an approaching car until it is too late to avoid a collision, and he is thereby injured, he is guilty of contributory negligence and could not recover therefor. When the view at the crossing is obstructed, greater care is necessary than in places where the view is unobstructed.

Charge.

If a person drives up to a railway crossing and upon it without looking out or listening to ascertain if any cars are approaching, and a collision and injury occurs to him from a passing car which would have been prevented had the person so injured exerc'sed the proper and ordinary prudence, care, and caution mentioned, such person would be guilty of contributory negligence and could not recover from the railway company for such injury.

It is the duty of a railway company in the operation of its cars, to see that they are equipped with all the appliances, such as brakes, sand boxes and other safeguards and protections, reasonably proper and necessary for the safety of wayfarers, and to keep them in good condition so far as may be done by the exercise of reasonable care, and if injuries happen by reason of the failure of the company to do such things it will be liable.

If the jury should believe from the evidence that the defendant exercised reasonable care in the inspection of the sand box and brake of the car in question, and that such appliances were in reasonably good working condition when last inspected before the accident and that a defect or disorder (if any) in either of said appliances was not discovered sufficiently long before the accident as to reasonably permit the repair thereof or the discontinuance of the operation of said car, in such event, the existence of such defect or disorder in either, or both, of said appliances would not constitute negligence on the part of the defendant.

If the jury should believe from the evidence that the motorman of the car in question (having in other respects exercised due care) upon discovering the plaintiff's vehicle in a place of danger, duly used all reasonable means to check or stop the car and was unable to do so by reason of the slippery condition of the track or other cause beyond his control, the defendant company is not guilty of negligence.

Certain witnesses in this case have testified that they heard the car bell rung; others that they did not hear it ring. The affirmative testimony of the former witnesses is of greater weight than the negative testimony of those who merely say they did not hear the bell ring, which might be attributed to want of attention at the time.

If the negligence of the plaintiff entered into the accident at the time the injuries were received, the plaintiff cannot recover, even though the defendant company was also guilty of negligence. In such a case the plaintiff would be guilty of contributory negligence, and the court will not attempt to measure how much negligence each one contributed. That is a matter for you to determine.

The plaintiff, however, would be entitled to recover notwithstanding there had been some negligence on his part, if it was the negligence of the defendant company alone that was the proximate or immediate cause of the injuries; provided the negligence of the plaintiff was not then continuing and did not at that time enter into and contribute to the accident.

In civil cases it is the duty of the jury to decide in favor of the party on whose side the weight of evidence preponderates, and according to the probability of truth. The question of reasonable doubt does not obtain in civil causes.

In considering the testimony if you find that any of the witnesses contradict each other you must decide between them after viewing the testimony of each in connection with all the facts and circumstances proved in the case, and after considering the comparative freedom of each from interest or bias, and their respective capacity for observing, knowing, recollecting and accurately relating the circumstances and matters concerning which they have each testified. Where there is a conflict of testimony you must reconcile it if you can. If you cannot, then you may reject so much thereof as you deem the less trustworthy and accept that portion you consider the more so, after due deliberation upon all the evidence before you.

If your verdict should be for the plaintiff it should be for such sum as will reasonably compensate him for the injuries to his property, and person, proved before you. For this purpose you should take into consideration the plaintiff's pain and suffering, and his loss of power to perform labor, in the past and in the future, which may be found by you to be the result of the injuries sustained by him; also his loss of time and necessary expenses in procuring labor which but for such injuries he would himself have

Charge—Verdict.

performed; also his expense for medicine and medical attendance incurred by reason of such injuries; and if such injuries are of a permanent character, you should consider that fact in determining the amount of his damages.

Verdict for plaintiff.